United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30440
Summary Calendar

———————————————

JEFFREY BRUMBERGER

　　　　　　　　　Plaintiff - Appellant

　　v.

SALLIE MAE SERVICING CORPORATION

　　　　　　　　　Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-2909-K
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

　　Jeffrey Brumberger (Brumberger) appeals the district court's

order dismissing his claim under the Fair Debt Collection

Practices Act (FDCPA) pursuant to FED. R. CIV. P. 12(b)(6) for

failure to state a claim.  Brumberger argues that the district

court erred in finding that Sallie Mae Servicing Corporation

(Sallie Mae) does not meet the definition of a "debt collector"

under the FDCPA.

_____

　　[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A district court's ruling on a Rule 12(b)(6) motion for failure to state a claim is subject to <u>de novo</u> review. <u>Scanlan v. Texas A&M University</u>, 343 F.3d 533, 536 (5th Cir. 2003). The motion may be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Id.</u>

Under the FDCPA, a debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F). By its plain terms the FDCPA does not apply to Sallie Mae because Brumberger does not allege that he was in default at the time Sallie Mae began servicing his loans. Thus, Brumberger fails to show in his complaint that he is entitled to relief under the FDCPA, and the district court correctly dismissed his claim under FED. R. CIV. P. 12(b)(6). *See* <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985). Accordingly, the judgment of the district court is AFFIRMED.